UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DENNIS BAGLAMA, *et al.*,

        Plaintiffs,

vs.

MWV CONSUMER AND OFFICE
PRODUCTS, *et al*.,

        Defendants.

Case No.: 3:13-cv-276

Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

**REPORT AND RECOMMENDATION[1] THAT (1) THE PARTIES' STIPULATED MOTION TO STRIKE PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES FROM THE COMPLAINT (DOC. 39) BE GRANTED; AND (2) THE COURT ENTER AN ORDER STRIKING THE REQUEST FOR ATTORNEYS' FEES**

Now before the Court is the parties' stipulated motion to strike Plaintiffs' request for attorneys' fees from the complaint. Doc. 39. The parties agree that the complaint does not plead any basis that would entitle Plaintiffs to recover attorneys' fees. *Id.* at PageID 409.

Pursuant to Fed. R. Civ. P. 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The time for the parties to file a motion to strike has passed; however, the Court may also act on its own. Although the "action of striking a pleading should be used sparingly by the courts," *Anderson v. United States*, 39 F. App'x 132, 135 (6th Cir. 2002) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)), the agreement by both sides compels the Court to conclude that it is appropriate in this instance.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Accordingly, the Court **RECOMMENDS** that:

1. The parties' stipulated motion to strike Plaintiffs' request for attorneys' fees from the complaint (doc. 39) be **GRANTED**; and

2. The Court enter an Order **STRIKING** the request for attorneys' fees.

May 1, 2014                                                                            s/ **Michael J. Newman**
                                                                                        United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).