UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DENNIS BAGLAMA, *et al.*,

        Plaintiffs,

vs.

MWV CONSUMER AND
OFFICE PRODUCTS, *et al.*,

        Defendants.

Case No.: 3:13-CV-276

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

**ORDER DENYING PLAINTIFFS' MOTION TO TRANSFER VENUE**

This case is before the Court on Plaintiffs' motion to transfer (doc. 48), Defendants' memorandum in opposition (doc. 51), and Plaintiffs' reply (doc. 53). Plaintiffs move this Court -- under 28 U.S.C. § 1404(a) and on forum *non conveniens* grounds -- to transfer this case to the United States District Court for the Central District of California, Southern Division at Santa Ana, where this case originated prior to being transferred to this Court in August 2013. For the reasons that follow, Plaintiffs' motion is denied.[1]

**I.**

Plaintiffs Dennis Baglama and Coto Enterprises, LLC (hereinafter collectively referred to as "Plaintiffs") allege that Defendants MWV Consumer & Office Products and ACCO Brands Corporation (collectively "Defendants") impermissibly used their product designs to manufacture and sell office planning and organization products. Doc. 1 at PageID 5. On February 24, 2012, Defendants commenced an action in this Court, Case No. 3:12-cv-060 ("the Ohio Action"), seeking declaratory relief "that [Defendants are] not liable to [Plaintiffs] for

---

[1] "A motion to transfer venue is a non-dispositive motion[.]" *Siegler v. City of Columbus*, No. 2:12-cv-472, 2014 WL 1096159, at *2 (S.D. Ohio Mar. 19, 2014) (citations omitted).

(1) breach of express contract, (2) breach of implied [contract], or (3) misappropriation of intellectual property." Ohio Complaint at ¶ 1. On July 25, 2012, Plaintiffs commenced this separate action in the United States District Court for the Central District of California ("the California Action"), alleging breach of contract and other related claims. On August 19, 2013, the California Court granted Defendants' motion to transfer the California Action to this Court. Doc. 25. Approximately one week later, the parties jointly moved to dismiss the Ohio Action with prejudice -- a request the Court granted. Thereafter, the parties continued litigating this case, and proceeded to engage in discovery. Defendants moved for summary judgment on April 17, 2014. Doc. 37. In response, Plaintiffs filed the instant motion to transfer this case back to the Central District of California on May 19, 2014. Doc. 48.

## II. Discussion

### A. Venue

Plaintiffs argue that the factors enumerated in 28 U.S.C. § 1404(a) weigh in favor of transferring this case back to the California Court.[2] Section 1404(a) provides that "[f]or the convenience of the parties and witnesses [and] in the interest of justice, a [D]istrict [C]ourt may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Courts considering a transfer under § 1404(a) must determine whether: (1) the action might have been brought in the proposed transferee court; and (2) whether "transfer is justified for the convenience of parties and witnesses and in the interest of justice." *Kay v. Nat'l*

---

[2] Defendants argue that Plaintiffs seek transfer pursuant to 28 U.S.C. § 1406(a) rather than § 1404(a). Transfer pursuant to § 1406(a) is appropriate if the district in which the action is brought is an improper venue under 28 U.S.C. § 1391 -- the "wrong court" argument. *See, e.g.*, *Nationwide Life and Annuity Ins. Co. v. Golden*, No. 2:12-cv-213, 2013 WL 97718, at *10 (S.D. Ohio Jan. 7, 2013). Plaintiffs clarify and concede that they "do not seek transfer under 28 U.S.C. § 1406(a)" and that "[§] 1406(a) does not apply because this case originally could have been venued here." Doc. 53 at PageID 732.

*City Mortg. Co.*, 494 F. Supp. 2d 845, 849-50 (S. D. Ohio 2007) (internal quotation marks omitted).

### B. Section 1404(a) Threshold Inquiry

Courts interpreting § 1404(a) must engage in a two-step analysis. The first step involves the question as to "whether the action 'might have been brought' in the transferee court." *Kay*, 494 F.Supp.2d at 849. "An action 'might have been brought' in a transferee court if: (1) the court has jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amenable to process issuing out of the transferee court." *Sky Techs. Partners, LLC v. Midwest Research Inst.*, 125 F. Supp. 2d 286, 291 (S. D. Ohio 2000) (citations omitted). If "a case could have been brought in the transferee court, the issue becomes whether the transfer is justified under the balance of the language of Section 1404(a)." *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002).

Plaintiffs fail to address this threshold question in their motion. *See* doc. 48. The California Court, through its unchallenged Transfer Order (doc. 25),[3] found that it lacked jurisdiction over this case because:

> Plaintiffs fail to establish that a "substantial part of the events or omissions giving rise to the claim[s] occurred" in [the Central District of California]. *See* 28 U.S.C. § 1391(b)(2)[4] . . . . [T]he Complaint is silent as to where the events giving rise to this action took place . . . . Indeed, [P]laintiffs don't even allege that their work took place in the Central District of California . . . . In short, the [C]ourt concludes

---

[3] Following the California Court's transfer of this case to this Court in August 2013, Plaintiffs did not seek a stay of the Transfer Order, move the California Court for reconsideration, or appeal to the Ninth Circuit Court of Appeals. In sum, Plaintiffs failed to challenge that decision until the filing of the instant motion.

[4] Under 28 U.S.C. § 1391(b), venue is proper in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

> that venue is improper in the Central District of California . . . . Plaintiffs have not shown that the events giving rise to their claims occurred in this District, nor that defendants are subject to personal jurisdiction here.

Doc. 25 at PageID 302 (footnote added). Plaintiffs present no new factual allegations regarding this issue or any additional arguments. Accordingly, the Court declines to revisit the California Court's unchallenged ruling on this matter and defers to its reasoned conclusion.

### C. Section 1404(a) Balancing Factors

Assuming *arguendo*, that Plaintiffs could satisfy the threshold inquiry at step one of the § 1404(a) analysis, they must also demonstrate that "transfer is justified for the convenience of parties and witnesses and in the interest of justice." *Kay*, 494 F.Supp.2d at 849-50; *see also Dayton Superior Corp. v. Yan*, 288 F.R.D. 151, 165 (S.D. Ohio 2012) (Rose, J.). In conducting this analysis, the Court considers the interests of the parties to the case; specifically the "relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling [witnesses], and the cost of obtaining attendance of willing witnesses . . . and all other practical problems that make trial of the case easy, expeditious and inexpensive." *Jamhour*, 211 F. Supp. 2d at 945. In addition to the interests of the parties, the Court also balances and considers "docket congestion, the burden of trial to a jurisdiction with no relation to the cause of action, the value of holding a trial in a community where the public affected live, and the familiarity of the court with the controlling law." *Id.*

Plaintiffs argue that "[t]he California forum would be more convenient for Plaintiffs, given that Plaintiffs are located in California . . . [and] they originally chose that forum to institute their suit." Doc. 48 at PageID 484. Additionally, they state that Defendants are much larger than Plaintiff Coto, and thus can "more easily bear the expense of conducting litigation in another state." *Id.* Regarding convenience of witnesses, Plaintiffs argue that their "principal

-4-

witnesses are located in California" whereas Defendants' witnesses are mainly located in New York and, therefore, Defendants would be no more inconvenienced in California than Ohio.  *Id.*

The Court finds Plaintiffs' arguments in this regard unpersuasive.  Plaintiffs essentially argue that their convenience should be given preference.  A transfer is not proper "if that transfer would only shift the inconvenience from one party to another."  *United States ex rel. Roby v. Boeing Co.*, No. 1:95-cv-375, 1998 WL 54976, at *1 (S.D. Ohio Jan. 21, 1998); *see also Lassak v. Am. Def. Sys.*, No. 2:06-cv-1021, 2007 WL 1469408, at *2 (S.D. Ohio Nov. 28, 2011) (finding "some inconvenience to one or more parties will exist no matter which forum is chosen" and, therefore, "if a change of venue serves merely to shift the inconvenience from the plaintiff to the defendant, a change of venue is improper").

Additionally, Plaintiffs fail to identify any witnesses located in California and ignore the fact that six out of Defendants' twelve witnesses -- identified as essential to this case -- reside in Dayton.  Doc. 10 at PageID 49.  *See Bacik v. Peek*, 888 F. Supp. 1405, 1409 (N.D. Ohio 1993) (finding that "[i]f a party has merely made a general allegation that witnesses will be necessary, without identifying them and indicating what their testimony will be[,] the application for transfer will be denied").

Additionally, consideration of the "interest of justice" factors strongly favors denial of the request to transfer.  These include consideration of "the forum the case can be tried more inexpensively and expeditiously . . . whether transfer is in the "interest of justice" . . . and judicial economy."  *Betco Corp. v. Peacock*, No. 3:12-cv-1045, 2014 WL 809211, at *9 (N.D. Ohio Feb. 28, 2014) (citation omitted).  This case has proceeded in this Court for nearly twelve months and both sides have engaged in extensive discovery here.  *See, e.g.*, docs. 32, 36, 50. Moreover, discovery is now concluded and Defendants have moved for summary judgment in

this Court. Doc. 37.  Accordingly, the interests of justice strongly weigh in favor of denying transfer.[5]

### III.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiffs' Motion to Transfer Venue to the Central District of California, Southern Division at Santa Ana (doc. 48), is **DENIED**; and

2. This matter **REMAIN** in the Southern District of Ohio, Western Division at Dayton.

July 31, 2014                                                                                   s/ Michael J. Newman
                                                                                                United States Magistrate Judge

---

[5] In Defendants' opposition memorandum, they argue that, if a transfer is to occur here, this case should be transferred to the Northern District of New York at Binghamton.  Doc. 51 at PageID 506.  No such motion is before the Court, and thus the Court need not address this issue.  Moreover, Defendants already transferred this case to the Southern District of Ohio in August 2013.  Defendants had the option of choosing to transfer to the New York forum at that time and declined to do so.