UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**DENNIS BAGLAMA, et al.,**

    **Plaintiffs,**

-v-

**MWV CONSUMER AND OFFICE PRODUCTS, et al.,**

    **Defendants.**

Case No. 3:13-cv-276

Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**ENTRY AND ORDER GRANTING IN PART AND OVERRULING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. #37)**

---

Now before the Court is a Motion for Summary Judgment filed by MWV Consumer & Office Products[1] and ACCO Brands Corp. (collectively "MWV") who are the two (2) Defendants in this matter. (Doc. #37.) Therein, MWV asserts that all of the Plaintiffs' claims should be dismissed because they are preempted by the Copyright Act.

The Complaint in this matter was originally filed by Plaintiffs Dennis Baglama and Coto Enterprises, LLC (collectively "Coto") in the U.S. District Court for the Central District of California based upon that court having diversity subject matter jurisdiction. On August 19, 2013, the Complaint was transferred to this Court pursuant to a motion to transfer venue.

Plaintiffs bring six (6) Claims for Relief. The First is for declaratory relief. The Second is for injunctive relief. The Third is for breach of written contract. The Fourth is for breach of

---

[1]Since the events described in the Complaint occurred, MWV sold its Consumer and Office Products division to ACCO Brands Corp. ("ACCO"). Pursuant to Fed. R. Civ. P. 25(c), ACCO is defending this lawsuit in the name of MWV.

implied contract. The Fifth is for unjust enrichment, and the Sixth is for accounting. Further, Plaintiffs' request for attorneys' fees has been struck from the Complaint per a joint request to do so. (Doc. #49.)

A Relevant Factual Background will first be set forth.  This will be followed by the Standard of Review, a discussion of relative caselaw and an analysis of MWV's Motion.

## RELEVANT FACTUAL BACKGROUND

Plaintiff Dennis Baglama is the owner and managing member of Plaintiff Coto Enterprises, LLC doing business as Coto Design Group ("Coto"). (Decl. of Dennis Baglama ("Baglama Decl.") ¶ 1 May 13, 2014.) Coto is located in and conducts business in Orange County, California. (Id. at ¶ 2.)

In 2007, Coto entered into a contract with MWV. MWV's representative was Mary Kay Curley ("Curley") who was authorized to enter into a contract ("the Contract") with Coto that was binding on MWV. (Id. at ¶¶ 5 and 6.)

The terms of the Contract were expressed in a September 10, 2007 Bid Proposal prepared by Baglama. (Id. at ¶ 7.) The terms of the Contract provided, among other things, that the project launch was September 5, 2007, that the product design fees would be $28,000 paid in four consecutive monthly installments beginning on September 10 and that the product design purchase price would be $15,000 - $20,000 per product Stock Keeping Unit ("SKU") as adjusted. (Id. at ¶ 8.) Under the terms of the Contract, MWV agreed to pay Coto for every product SKU that MWV commercialized. (Id. at ¶ 12.)

Coto submitted four invoices, for the product design fees,  to MWV - one on September 10, 2007, one on October 1, 2007, one on October 26, 2007 and one on November 28, 2007. (Id.

at ¶ 17.) MWV paid all four immediately upon receipt. (Id. at ¶ 19.)

The first design submitted by Coto was for a "peel-and-stick, dry-erase, and wall organizer (the "PDO"). (Id. at ¶ 21.) A PDO concept was released into the market by MWV on or about January 24, 2012 and has since been very successful. (Id. at ¶¶ 22 and 23.) Coto filed a copyright claim application on February 17, 2012 for the PDO concept. (Baglama's Response To MWV's First Set of Interrogatories, Interrogatory Response #10.)

The fact that the product concepts would or would not be protectable under any intellectual property right was not a condition for compensation for the per product SKU fee that MWV agreed to pay. (Baglama Decl. ¶ 24.) MWV has not yet paid Coto for any product SKU that it commercialized. (Id. at ¶ 25.)

## STANDARD OF REVIEW

MWV's Motion for Summary Judgment is brought pursuant to Fed. R. Civ. P. 56. Rule 56 and its associated caselaw establish the standard of review for summary judgment.

Rule 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Alternatively, summary judgment is denied "[i]f there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir. 1992)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)).

The party seeking summary judgment has the initial burden of informing the court of the

basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). Once the burden of production has shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in the favor of that party. *Anderson*, 477 U.S. at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe by determining which parties' affirmations are more credible. 10A Wright & Miller, *Federal Practice and Procedure*, §2726. Rather, credibility determinations must be left to the fact-finder. *Id*. However, the mere existence of a scintilla of evidence in support of the nonmoving party is not sufficient to avoid summary judgment. *Anderson*, 477 U.S. at 252. "There must be evidence on which the jury could reasonably find for the plaintiff." *Id*. The inquiry, then, is whether reasonable jurors could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. *Id*.

Finally, in ruling on a motion for summary judgment, "[a] district court is not…

obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990). Thus, in determining whether a genuine issue of material fact exists on a particular issue, the court is entitled to rely upon the Rule 56 evidence specifically called to its attention by the parties. The Rule 56 evidence includes the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted. Fed. R. Civ. P. 56(c).

## SUBSTANTIVE LAW TO BE APPLIED

This Court has diversity jurisdiction over Coto's Complaint. In addition to applying the federal procedural standard for motions for summary judgment, as a federal court located in Ohio exercising diversity jurisdiction, this Court must apply Ohio substantive law unless the law of another state is specifically implicated. *Hisrich v. Volvo Cars of N. America, Inc.*, 226 F.3d 445, 449 (6th Cir. 2000). This Court must apply the substantive law of Ohio "'in accordance with the then-controlling decision of the highest court of the state.'" *Imperial Hotels Corp. v. Dore*, 257 F.3d 615, 620 (6th Cir. 2001)(quoting *Pedigo, M.D. v. UNUM Life Ins. Co. of America*, 145 F.3d 804, 808 (6th Cir. 1998)).

To the extent that the highest court in Ohio has not addressed the issue presented, this Court must ascertain from all available data, including the decisional law of Ohio's lower courts, what Ohio's highest court would decide if faced with the issue. *Imperial Hotels*, 257 F.3d at 620*; Bailey v. V & O Press Co., Inc.*, 770 F.2d 601, 604 (6th Cir. 1985). Finally, where Ohio's highest court has not addressed the issue presented, a federal court may not disregard a decision of an Ohio appellate court on point unless the federal court is convinced by other persuasive data that

the highest court of Ohio would decide otherwise. *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1485 (6th Cir. 1989).

## PREEMPTION

MWV argues that Coto's claims are preempted by the Copyright Act. The Copyright Act provides that, subject to certain exceptions, "the owner of a copyright has the exclusive rights (1) to reproduce the copyrighted work; (2) to prepare derivative works; (3) to distribute copies; (4) to perform publicly a copyrighted work; and (5) to display publicly a copyrighted work." *Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004). Accordingly, the owner of a copyright may bring suit against a person who infringes any of these rights by demonstrating two elements: "(1) ownership of a valid copyright; and (2) copying of the constituent elements of the work that are original." *Id.*(citing *Feist Publications, Inc. v. Rural Telephone Services Company*, 499 U.S. 340, 361 (1991)).

The Copyright Act also provides for preemption of state law claims. Section 301 of the Copyright Act provides that:

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a).

Accordingly, a state law claim is preempted by the Copyright Act when two requirements are met. *Stromback*, 384 F.3d at 300. First, the work must come within the scope of the subject matter of the Copyright Act. *Id.* Second, the rights granted under state law must be equivalent to

any of the exclusive rights provided by the Copyright Act. *Id.* These two requirements are referred to as the "subject matter requirement" and the "equivalency requirement." *Id.*

The "subject matter requirement" is satisfied if a work fits within the general subject matter of Sections 102 and 103 of the Copyright Act. *Id.* Also, the scope of the Copyright Act's "subject matter requirement" is broader than the scope of the Copyright Act's protections. *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 455 (6th Cir. 2001).

The "equivalency requirement" is satisfied if the "right defined by state law may be abridged by an act which in and of itself would infringe one of the exclusive" copyright rights. *Id.* at 456(quoting *Harper & Row Publishers, Inc. v. Nation Enterprises*, 723 F.2d 195, 200 (2d Cir. 1983), *rev'd on other grounds* by 471 U.S. 539 (1985)). The existence of an extra element in the state law claim precludes preemption where the extra element changes the nature, rather than the scope, of the action. *Stromback*, 384 F.3d at 301(citing *Data General Corp. v. Grumman System Support Corp.*, 36 F.3d 1147, 1164-65 (1st Cir. 1994), *abrogated on other grounds* by Reed *Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010)). Finally, to determine equivalency, courts generally compare the elements of the causes of action, not the facts pled to prove them. *Id.* at 304.

This case involves an alleged contract. An action based upon a contract implied in law requires no extra element and is, therefore, preempted. *Wrench*, 256 F.3d at 459. However, an action based upon a contract implied in fact that has an extra element that changes the nature of the action so that it is quantitatively different from a copyright infringement claim is not preempted. *Id.*

## ANALYSIS

MWV asserts that each of Coto's Claims for Relief is preempted by the Copyright Act. Coto disagrees. Therefore, each of Coto's Claims for Relief will be analyzed to determine if the Claim is preempted by the Copyright Act.

## Declaratory Relief

In its First Claim for Relief, Coto seeks a judicial declaration that the designs are the original work of Coto and that Coto is the owner of the designs that they submitted to MWV for consideration. The Parties did not discuss this cause of action in their Briefs regarding MWV's Motion for Summary Judgment.

Coto does not plead whether the basis for its claim for declaratory relief is state or federal. However, the operation of the Federal Declaratory Judgment Act is only procedural, and substantive rights are left unchanged. *Medtronic, Inc. v. Mirowske Family Ventures, LLC.*, 134 S.Ct. 843, 849 (2014)(citing *Aetna Life Insurance Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937) and *Beacon Theaters, Inc. v. Westover*, 359 U.S. 500, 509 (1959)).

Since a law that is procedural in nature does not provide a substantive right, this Court must look to Ohio law for a substantive declaratory right. This consideration is consistent with this Court's requirement in a diversity action, such as this, that the Court consider Ohio substantive law unless another state's law is implicated. Another state's law is not implicated here, so this Court will consider Ohio substantive law regarding requests for declaratory relief.

Ohio has a Declaratory Judgement Act. Ohio Rev. Code § 2721 et seq. There are three prerequisites to obtaining declaratory relief in Ohio: (1) a real controversy between the parties; (2) justicability, and (3) the necessity of speedy relief to preserve the parties' rights. *ProgressOhio.org, Inc. v. JobsOhio*, No. 2012-1272, 2014 WL 2609835 at *5 (Ohio June 10,

2014)(citing *Burger Brewing Co. v. Liquor Control Commission, Department of Liquor Control*, 296 N.E.2d 261 (Ohio 1973)).

For purposes of this Motion for Summary Judgment, MWV has not identified evidence from which this Court could conclude whether there is a real justicable controversy between it and Coto regarding whether the designs are the original work of Coto and whether Coto is the owner of the designs that it submitted to MWV for consideration and whether there is a necessity of speedy relief to preserve the Parties' rights. Therefore, summary judgment on this issue is not appropriate.

## Injunctive Relief

In its Second Claim for Relief, Coto seeks to enjoin MWV from continuing to wrongfully use its designs for its own use and profit. MWV argues that, to the extent that injunctive relief is viewed as a cause of action, in and of itself, as opposed to a form of relief flowing from prevailing on a different cause of action, this Claim asserts a right that is equivalent to and is preempted by the Copyright Act which provides for injunctive relief. Coto responds that a claim for injunctive relief is a particular form of relief for breach-of-contract claims.

An injunction is a form of equitable relief available to avoid an irreparable injury. *Catanzaro v. Michigan Department of Corrections*, No. 1:09-CV-2, 2010 WL 2349051 at *1 (W.D. Mich. Apr. 15, 2010); *Black's Law Dictionary* 904 (10th ed. 2014). It is not a claim unto itself. Therefore, Coto's claim for injunctive relief, alone, cannot stand as a matter of law. Coto, however, may be entitled to injunctive relief as a remedy for one of his other Claims for Relief.

## Breach of Written Contract and/or Implied Contract

In its Third and Fourth Claim for Relief, Coto alleges that MWV breached a written

contract and/or implied-in-fact contract with Coto. MWV argues that Coto's breach-of-written contract and/or implied-in-fact contract claim is preempted by the Copyright Act. Coto responds that these claims are not preempted because they include an additional element, that being a promise to pay Coto for the use of his work.

To analyze whether this claim is preempted, the Court must first determine the type of contract that is alleged to have been breached. Ohio law generally provides for three (3) types of contracts: express; implied-in-fact; and implied-in-law. *JS Productions, Inc. v. G129, L.L.C.*, No. CA2011-02-029, 2011 WL 4346677 at *3 (Ohio Ct. App. Sep. 19, 2011). For an express contract to exist, there must be assent to terms expressed in an offer and an acceptance. *Id.* For an implied-in-fact contract to exist, the meeting-of-the-minds expressed by the offer and acceptance in an express contract, must be shown by the surrounding circumstances which make it inferable that a contract exists as a matter of tacit understanding. *Id.* In an implied-in-law contract, there is no meeting of the minds, but liability arises from the obligation cast by law upon a person in receipt of benefits which she or he is not justly entitled to retain and for which she or he may be made to respond to another in an action in the nature of assumpsit. *Id.* Since contracts implied-in-law are not true contracts, they are often termed quasi contracts or constructive contracts. *Id.*

Coto's Third Claim for Relief alleges "breach of written contract." However, the Complaint does not include a contract that is signed by both parties. Coto's Complaint alleges that it entered into an agreement with MWV by a series of emails between it and an MWV representative. Thus, the meeting-of-the-minds is expected to be inferred from surrounding circumstances. Therefore, the Court will consider the only possible valid claim to be the Fourth Claim for Relief which is a breach of an implied-in-fact contract.

MWV argues that, in *Ritchie v. Williams*, 395 F.3d 283 (6th Cir. 2005), the Sixth Circuit recently found a contract claim to be preempted where the contract governed the division of income and expenses relating to the subject works. In *Ritchie*, the Sixth Circuit found that all of Ritchie's claims were preempted because there was no meaningful extra element. However, this Court is reluctant to rely upon the Sixth Circuit's conclusion in *Ritchie* because the Sixth Circuit does not indicate the type of contract at issue there, and the type of contract makes a difference. The Court elects to rely on the Sixth Circuit's holding 3½ years earlier in *Wrench* which clearly states that an implied-in-fact contract claim that contains an additional and essential element of expectation of compensation is an element not envisioned as an exclusive right under §106 and is not preempted. 256 F.3d at 456.

MWV also cites several other cases for the proposition that breach of contract and breach of implied contract claims are preempted where the contracts at issue asserted no additional rights other than the right to be compensated for unauthorized use and distribution of the subject matter involved. However, the issue in Coto's Fourth Claim for Relief for breach of an implied-in-fact contract includes an extra element, that being a promise to pay Coto for the subject matter involved.

This Fourth Claim is based upon an implied-in-fact contract requiring an extra element of a promise to pay. *Wrench*, 256 F.3d at 459. Thus, this claim is not preempted by the Copyright Act. Therefore, MWV is not entitled to summary judgment on this claim based upon this claim being preempted by the Copyright Act.

**Unjust Enrichment**

In its Fifth Claim for Relief, Coto alleges that MWV has been unjustly enriched by retaining its designs without paying for them and then marketing and selling products based upon Coto's designs without the right to do so. MWV argues that claims for unjust enrichment, where the subject matter requirement has been met, are preempted because these claims are based upon nothing more than a defendant profiting from the unauthorized reproduction or distribution of the disputed subject matter. Coto offers no response to this argument.

An Ohio unjust enrichment claim requires proof that: the plaintiff's actions conferred a benefit on the defendant; the defendant knew of the benefit that been conferred; and it would be unjust to permit the defendant to retain the conferred benefit without requiring the defendant to pay for that benefit. *Ownerland Realty, Inc. v. Zhang*, Nos. CA2013-09-077 and CA2013-10-097, 2014 WL 2732791 at *5 (Ohio Ct. App. June 16, 2014). In this case, the basis of Coco's unjust enrichment claim is that MWV retained his designs and then sold products based upon these designs without the right to do either.

Coto's designs are within the scope of the Copyright Act. Further, the alleged unauthorized use of Coto's designs does not involve rights different from those protected by the Copyright Act. Or, said another way, Coto's unjust enrichment claim does not require additional elements beyond those required for a copyright claim. Therefore, Coto's Fifth Claim for Relief is preempted by the Copyright Act, and MWV is granted summary judgment on Coto's Fifth Claim for Relief.

**Accounting**

In its Sixth Claim for Relief, Coto asserts that it is entitled to an accounting of MWV's sales of products based upon Coto's designs. MWV argues that, to the extent that a request for an accounting is viewed as a cause of action, in and of itself, as opposed to a form of relief flowing from prevailing on a different cause of action, this Claim is preempted by the Copyright Act because it has no extra element and is the "exact" relief provided by the Copyright Act. Coto responds that an accounting is a particular form of relief for its breach-of-contract claims.

Coto asserts that MWV is obligated to surrender the profits it received as a result of its wrongful use of its designs. Thus, this claim is one for an accounting for profits.

An accounting for profits is a form of remedy based upon avoiding unjust enrichment. *Laurent v. Cincinnati Clearing House Association*, 9 N.E.2d 886, 887-88 (Ohio Ct. App. 1937); *Black's Law Dictionary* 24 (10th ed. 2014). It is not a claim unto itself. Therefore, Coto's claim for an accounting, alone, cannot stand as a matter of law. Coto, however, may be entitled to an accounting for profits as a remedy for one of its other Claims for Relief.

**CONCLUSION**

Coto's claims for breach of an implied-in-fact contract (Fourth Claim for Relief) and for declaratory judgment (First Claim for Relief) remain to be adjudicated. There are no genuine issues of material fact and MWV is entitled to judgment as a matter of law on Coto's Second, Fourth, Fifth and Sixth Claims for Relief. MWV's Motion for Summary Judgment (doc. 37) is granted in part and overruled in part.

**DONE** and **ORDERED** in Dayton, Ohio this Fifth Day of November, 2014.

                                                       **s/Thomas M. Rose**

                                        _____
                                                     THOMAS M. ROSE
                                  UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record